IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELVIN MATTHES : CIVIL ACTION
:
v. :
: No. 06-1156
MCP HOSPITAL OF PHILADELPHIA, et al. :

**MEMORANDUM**

Ludwig, J. June 9, 2010

This is a prisoner civil rights case, 42 U.S.C. § 1983. Jurisdiction is federal question, 28 U.S.C. § 1331.

According to the amended complaint,[1] defendant Prison Health Services, Inc.[2] violated plaintiff's Eighth Amendment rights by providing inadequate medical care following multiple stab wounds in plaintiff's stomach - in particular, the failure to remove metal staples after his surgery. PHS moves to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for non-exhaustion of administrative remedies, or, in the alternative, for summary judgment

---

[1] On March 17, 2006, plaintiff Melvin Matthes commenced this action by filing a *pro se* motion to proceed *in forma pauperis*, and on April 7, 2006, he requested appointment of counsel. His request for counsel was granted, but upon review, counsel declined to undertake the case. Docket no. 11. On January 23, 2007, plaintiff filed a complaint. Docket no. 13. Plaintiff subsequently amended the original complaint. Docket nos. 31, 42, 51. The last amended complaint was filed on August 26, 2009. Docket no. 51.

[2] Prison Health Services, Inc. is the sole remaining defendant. The original complaint asserted claims against the Hospital of the Medical College of Pennsylvania, Curran-Fromhold Correctional Facility Medical Department, the Philadelphia Detention Center Medical Facility, Prison Health Services for SCI-Camp Hill and SCI-Albion, Meadville Medical Center, and individual physicians Martin Laski, Mark Baker, Michael Lucas, Dr. Stein, Dr. Smith, and Dr. Norouso, as well as PHS. All other defendants have been dismissed for lack of service or with plaintiff's agreement. Docket nos. 22, 23, 43, 47.

under Fed. R. Civ. P. 56(c). Summary judgment will be entered for the following reasons.[3]

The summary judgment record evinces the following.[4] On March 28, 2004, plaintiff was admitted to MCP Hospital for treatment of multiple stab wounds. Amended complaint, ¶ 4. Surgery was performed and metal staples were used. Id., ¶ 5; 3/29/04 post-surgical X-ray report ("There are multiple surgical staples seen vertically oriented over the lumbar spine extending into the pelvis. There are several staples also seen over the right lateral iliac

---

[3] "Summary judgment is appropriate when 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(c). In determining whether such relief is warranted, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citations omitted).

Defendant PHS urges dismissal of plaintiff's claims because of the non-filing of a grievance pertaining to this matter and the consequent failure to exhaust his administrative remedies as required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). In support of its position, PHS submits the affidavit of Jill Sweeney, Administrative Specialist, Office of Legal Affairs, Philadelphia Prison System. That affidavit describes the prison system's grievance procedure and represents that her search of the system did not produce any grievance by plaintiff during the time-period set forth in the amended complaint. Affidavit, 3-5.

Attached to the amended complaint are copies of grievances that plaintiff asserts were filed on June 30, 2004 and August 22, 2004. Complaint, Exhibits "A" and "B." Additionally, in response to defendant's motion, plaintiff submitted a notarized affidavit stating that having read Ms. Sweeney's affidavit, he filed the grievances attached to the complaint, notwithstanding the results of her search.

Because resolution of this issue would require consideration of matters not included within the four corners of the complaint, defendant's motion to dismiss will be converted to one for summary judgment. Where, as here, the competing affidavits create a genuine issue of material fact, summary judgment is inappropriate.

[4] The record consists of the amended complaint, affidavits submitted by plaintiff and, on behalf of defendant, Jill Sweeney, and plaintiff's complete medical chart during his incarceration in the Philadelphia Prison System.

2

wing."), Exhibit "D." According to the complaint, on April 12, 2004, 15 staples were removed. Also on that date, plaintiff experienced weakness and pain in his stomach. Amended complaint, ¶ 7. Anti-seizure medications were administered by MCP physicians, resulting in swelling in plaintiff's stomach and arm. Id., ¶¶ 8-9. Plaintiff's medical records also evidence complaints of depression and a psychiatric consult, as well as complaints of constipation and treatment including special diet and enemas. Exhibit "D."

On April 19, 2004, plaintiff was moved from MCP to the Philadelphia Detention Center, and placed in the infirmary. Plaintiff's medical records, defendant's Exhibit "D." There, plaintiff complained of pain and requested that the remaining staples - to which he attributed his complaints - be removed. Amended complaint, ¶¶ 10-11. On May 12, 2004, X-rays were obtained and 10 additional staples removed. One week later, approximately four more staples were removed. Plaintiff continued to complain of lack of bowel movement. He was treated, albeit unsuccessfully, with enemas. Amended complaint, ¶ 14.

On May 21, 2004, plaintiff was moved to the Curran-Fromhold Correctional Facility. Amended complaint, ¶ 15. He continued to complain of pain, weakness, inactive bowel, and blood in his urine and stool - all of which he attributed to metal staples remaining in his stomach. Plaintiff's medical records reflect that the was seen and treated on 10 occasions for these complaints during the period May 21, 2004 through July 20, 2004 (as referred to in the amended complaint). On September 17, 2004, X-rays were obtained that showed that no staples remained in plaintiff's stomach. Exhibit "D."

"In order to state a cognizable claim [of medical mistreatment under the Eighth

3

Amendment] a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). This is a two-part test. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) ("the evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Small v. Gillis, 2006 WL 1737501, at *3 (E.D. Pa., June 22, 2006), quoting Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

Here, plaintiff's complaints of pain, weakness, and inability to move his bowels will be assumed to rise to the level of a serious medical need for the purpose of summary judgment.

As to deliberate indifference, however, the record does not present a triable issue. PHS is a private corporation that contracted with the Commonwealth to provide medical services to prison inmates.[5] In order to be held liable, PHS must be shown to have known of and acquiesced in the deprivation of plaintiff's rights. It must have acted "'with deliberate indifference to the consequences [of its acts, or] established and maintained a policy, practice or custom which directly caused [plaintiff's] harm.'" Roach v. SCI-Graterford Medical

---

[5] In this regard, it should be noted that PHS was responsible for plaintiff's care while he was incarcerated in the Philadelphia Detention Center and in the Curran-Fromhold Correctional Facility, but not while he was a patient at MCP Hospital, as alleged in the amended complaint. Amended complaint, ¶ 8.

Dep't., 398 F.Supp.2d 379, 388 (E.D. Pa. 2005), quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989), cert. denied, 492 U.S. 1044 (1990). Instead, this case shows that from the time he was admitted to the infirmary at the Philadelphia Detention Center on April 19, 2004, until July 20, 2004, plaintiff was evaluated on numerous occasions and treated for his complaints by prison medical personnel. Exhibit "D."

A plaintiff may not agree with or be satisfied by the medical attention in question. However, once it appears that care was given, "[c]omplaints directed at the wisdom or quality of the medical care received from medical personnel will not state an Eighth Amendment violation under § 1983, even if the treatment was so negligent as to amount to malpractice." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976). See also Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir.), cert. denied, 485 U.S. 991(1988), quoting Inmates of Allegheny Cty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (a court will not "second-guess the propriety or adequacy of a particular course of treatment, [which] remains a question of sound professional judgment.")

For these reasons, summary judgment must be entered in favor of PHS.

BY THE COURT:


 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.